[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 7101
David Jaroslawicz, instituted a shareholder derivative action on behalf of UCAR International, Inc. against twelve officers and directors of the corporation. The action is based in two counts: breach of the fiduciary duty of care and breach of the fiduciary duty of loyalty. It stems from a federal investigation of price fixing in the graphite electrodes industry in which the defendant company was targeted. In addition, the plaintiff alleges that several officers and directors benefited from insider trading as a result of the artificially inflated market price. As a result of the subsequent federal grand investigation, the company was a named defendant in a multi-million action brought by steel manufacturers who had been overcharged. The plaintiff alleges that the outside lawsuits and investigations brought on by the defendants' breaches of their fiduciary duties has adversely affected the financial stability of UCAR International, Inc. Since the plaintiff never made a demand on the Board of Directors, and the defendants, individually, moved to dismiss the plaintiff's complaint for lack of standing.
"A motion to dismiss., properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light. . . ." Internal quotation marks omitted.) Savage v.Aronson, 214 Conn. 256, 264 (1990). "The motion to discuss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Citations omitted; internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62 (1988). A filing of a motion to dismiss "freezes the pleadings" up until that point and that "freezing" continues until after the court has ruled on the motion. See CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552
(1997), "[t]he power to determine its jurisdiction is one of the core inherent powers of a court. [O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented., and the court must fully resolve it before proceeding further with the case. . . . [A] court must have jurisdiction to determine its own jurisdiction once that has been put in issue. . . ." (Citations omitted, CT Page 7102 internal quotation marks omitted.) Id.
"A shareholder's derivative suit is an equitable action by the corporation as the real party in interest with a stockholder as a nominal plaintiff representing the corporation. . . . [T]he defendants in a derivative action may properly question whether the plaintiff has standing in equity to act as the nominal shareholder acting on behalf of the corporation and the other shareholders." (Citations omitted; internal quotation marks omitted.) Barrett v. Southern Connecticut Gas Co., 172 Conn. 362,370 (1977). "Because in the absence of standing the court lacks subject matter jurisdiction to determine the merits of the case . . . the correct form of judgment is to dismiss the action."Sadlloski v. Manchester, 235 Conn. 637, 650 (1995).
The defendants have moved to dismiss the action arguing that the plaintiff has no standing to bring this action as a result of his failure to make demand upon the Board of Directors before instituting this action and has not sufficiently pleaded facts with particularity as to why such a demand would be futile.
"The rationale for making a demand or, alternatively, offering a sufficient explanation for failure to make a demand, derives from the principle that the management of a corporation is entrusted to its board of directors who are responsible for acting in the name of the corporation and who are often in a position to correct the alleged wrongful acts without resorting to the courts." Goodrich v. Libero, Superior Court, judicial district of Danbury, Docket No. 325566 (May 27, 1997, Moraghan,J.) (19 Conn. L. Rptr. 567, 571), citing, RCM Securities Fund.Inc. v. Stanton, 928 F.2d 1318, 1326 (2d Cir. 1991). "[D]emand can only be excused where facts are alleged with particularity which create a reasonable doubt that the directors' action was entitled to the protections of the business judgment rule."Aronson v. Lewis, 473 A.2d 805, 808 (Del. 1991). "Demand futility is gauged by the circumstances existing at the commencement of the derivative suit." Goodrich v. Libero, supra,19 Conn. L. Rptr. 571. Moreover, "Rule 23.1 of the Rules of the Delaware Chancery Court . . . requires plaintiffs in a shareholder derivative action to make a demand for redress prior to suit, or to allege with particularity why such a demand would be futile." Id., 571.[1]
"In determining demand futility the [trial court] . . . must decide whether, under the particularized facts alleged, a CT Page 7103 reasonable doubt is created that: (1) the directors are disinterested and independent and (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." Aronson v. Lewis, supra, 814. "If a derivative plaintiff can demonstrate a reasonable doubt as to the first or second prong of the Aronson test, then he has demonstrated that demand would have been futile." Seminaris v. Landa,662 A.2d 1350, 1354 (Del. 1995). The plaintiff has the burden of pleading particularized facts, and therefore, the trial court must decide reasonable doubt on a case-by-case basis. See Grobow v. Perot,539 A.2d 180, 186-188 (Del. 1988).
In the present case, the plaintiff pleaded demand futility in five paragraphs of his original complaint. In general terms, the plaintiff states that the defendants lacked independence by allowing the company to violate federal anti-trust securities laws, lacked independence by participating in insider sales, violated their fiduciary duty of care and therefore could not be objective to the claims filed against them, and breached their fiduciary duty of care by ignoring their responsibilities to properly manage the company and avoid the company's involvement in illegal securities transactions. The pleadings do not provide any particularized facts to explain why the defendants were not independent or disinterested nor why their actions were not the result of a valid business judgment.
"It is generally held that allegations must be factually explicit and conclusory allegations are insufficient to show futility." Noble v. Baum, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 265920 (May 17, 1991, Nigro,J.) (6 C.S.C.R. 588, 591). Furthermore, "simply naming the directors as defendants does not excuse demand." Id., 591. "Merely naming disinterested directors as defendants does not allow the prosecutor of a derivative suit to avoid his duty to make a demand on them Heit v. Baird, 567 F.2d 1157, 1162 (1st Cir. 1977). The courts have rejected the bootstrapping of allegations of futility against directors who arguably will not sue themselves. See Pogostin v. Rice, 480 A.2d 619, 625 (Del. 1984).
It is the opinion of this court that the plaintiff has failed to allege enough facts with particularity in the complaint to create a reasonable doubt that the defendants were independent, disinterested and within the purview of the business judgment rule when they allegedly violated the securities statute and CT Page 7104 participated in insider sales. The issue of whether the amended certificate of incorporation immunizes the directors from liability for breach of fiduciary duty is not properly raised on a motion to dismiss and therefore will not be considered at this time.
The defendants' individual motions to dismiss the plaintiff's complaint are, accordingly, granted.
Moraghan, J.